IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02418-PAB-MEH

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

HARTMAN WRIGHT GROUP, LLC, and
TYTUS W. HARKINS,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Plaintiff has filed a Motion for Default Judgment (ECF 54) against Hartman Wright Group, LLC, ("HWG"), which was referred to me for a Recommendation (ECF 55). No Response was filed by the March 1, 2022 deadline, and the Motion is now ripe for review. As set forth below, I respectfully recommend that the Motion be **granted**.

## BACKGROUND

### I. Fact Background

The Court draws this lawsuit's background from the Recommendation (ECF 35) on Plaintiff's Motion for Summary Judgment and the Order Accepting Magistrate Judge's Recommendation (ECF 47). Those rulings in turn are based on Plaintiff's well-pleaded allegations which were deemed admitted against HWG after it failed to appear. ECF 47 at 1, n.2.

HWG is a Colorado limited liability company that invests in mobile home parks. Co-Defendant Tytus Harkins is the owner and managing member of HWG. On its behalf, Mr. Harkins

prepared marketing materials, and he solicited investors who were primarily older and retired individuals. The purported purpose of the investment solicitations was to raise money to buy mobile home parks and to make them profitable through capital improvements.

From 2015 through 2017, HWG offered and sold three types of financial instruments to its investors: (1) Corporate Notes, (2) Loan Participations, and (3) 6&25 Investments. Collectively, they are called the "HWG Instruments." HWG sold Corporate Notes that paid a fixed interest rate and used the proceeds to fund general operations. The Loan Participations offered investors a way to profit from loans that HWG made to limited liability companies that were specially created to own each mobile home park. In a similar fashion, HWG used the 6&25 Investments as way to raise money for which investors received interest payments and equity in return. Overall, HWG promised annual returns of six to eight percent.

The HWG Instruments are securities covered by 15 U.S.C. §§ 77a, *et seq*. (ECF 47 at 15), for which registration was required (*id*. at 17). Moreover, HWG and Mr. Harkins offered and sold the HWG Instruments in interstate commerce. *Id*. at 10. As such, HWG was found to be in violation of Section 5 of the Securities Act, as alleged in Plaintiff's third claim for relief. ECF 47.

Plaintiff also brings a securities fraud claim in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and in violation of Section 10(b) of the Exchange Act and Rule 10b-5, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5. In its Motion, Plaintiff highlights those Complaint allegations that support the security fraud claims. In selling the Corporate Notes, HWG overstated its revenue, assets, and owner's equity, thereby exaggerating the soundness of the business and the likelihood of earning a return. Plaintiff alleges that for the 6&25 Investments, HWG overstated the mobile home parks' purchase prices and used the money to improve unrelated properties. Likewise, HWG did not use money raised from the Loan Participations solely for designed

properties. Instead, it commingled the investors' money with its own accounts and used it to pay bonuses and general operating expenses.

Not only were the above statements false and misleading, but they were material to a reasonable investor. HWG made them for the purpose of defrauding investors. Moreover, HWG acted with scienter. HWG knew or should have known that its conduct was deceptive.

## II.     Procedural History

Plaintiff commenced this civil action on August 26, 2019. It served HWG with process on August 30, 2019. ECF 7. Twice the Court advised HWG of the need to appear through an attorney. ECF 9, 15. Despite two extensions of time, HWG never appeared. On November 30, 2020, in her Recommendation on Plaintiff's Motion for Summary Judgment, Magistrate Judge Tafoya noted HWG's failure to appear through counsel and to defend itself. ECF 35 at 1, n.1. On July 30, 2021, the Clerk of Court found HWG to be in default. ECF 51. The entry of default under Fed. R. Civ. P. 55(a) was proper because HWG did not appear despite clear notice of the lawsuit against it and ample opportunity to obtain counsel. The Court adds that HWG received notice of both the Motion for Default Judgment and the Order creating its expedited briefing schedule.

Although HWG never appeared, its corporate principal and Co-Defendant, Mr. Harkins, did, and he has actively participated in this lawsuit, albeit in a *pro se* capacity. The claims against him are set for trial to begin on August 4, 2022.

## **LEGAL STANDARDS**

Fed. R. Civ. P. 55 governs motions for default judgment. After the Clerk's entry of default, a defendant no longer may defend a claim on the merits. *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003) (quoting *Jackson v. FIE Corp.*, 302 F.3d 515, 525 (5th Cir. 2002)

3

("[D]efendant, by his default, admits the plaintiff's well-pleaded allegations of fact")); *see also id*. at 1124 ("Defendants do not have a constitutional right to a jury trial following entry of default.").

"Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment." *McCabe v. Campos*, No. 05-cv-00846-RPM-BNB, 2008 WL 576245, at *2 (D. Colo. Feb. 28, 2008). In determining whether entry of default judgment is warranted, the court first must consider personal and subject matter jurisdiction. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) (lack of subject matter jurisdiction constitutes good cause to set aside a default judgment); *see also Dennis Garberg & Assoc., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 772 (10th Cir. 1997) (district court erred in failing to determine personal jurisdiction issue before considering entry of default judgment). Next, for purposes of considering whether a claim for relief has been established, the well-pleaded facts of the complaint relating to liability are deemed true. *Id.* (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)); *see also Personal Indus. Loan Corp. v. Forgay*, 240 F.2d 18, 20 (10th Cir. 1956) ("By failing to appear and permitting a default judgment to be entered, [defendant] admitted only facts well pleaded."). In addition, the court accepts the undisputed facts set forth in any affidavits and exhibits. *Deery American Corp. v. Artco Equip. Sales, Inc.*, No. 06-cv-01684-EWN-CBS, 2007 WL 437762, at *3 (D. Colo. Feb. 6, 2007).

"[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Satriano v. Countrywide Home Loans, Inc.*, 14-cv-02216-KLM, 2015 WL 1887260, at *4 (D. Colo. April 23, 2015) (quoting *Cablevision of S. Conn., Ltd. P'ship v. Smith*, 141 F. Supp. 2d 277, 281 (D. Conn. 2001)). A trial court is vested with broad discretion in deciding whether to enter a default judgment.

*Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987); *see also Weft, Inc. v. G.C. Inv. Assocs.*, 630 F. Supp. 1138, 1143 (E.D.N.C. 1986) ("[U]pon a default, a plaintiff is entitled to a determination of liability unless he has failed to state a legal basis for relief or it is clear from the face of the complaint that the allegations are not susceptible of proof." (citing *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975))).

## **ANALYSIS**

As stated above, the entry of default judgment requires the Court to ensure both jurisdiction and sufficient well-pleaded fact allegations to support the claims on their merits. *See also Balducci v. Congo Ltd.*, No. 17-cv-02755-RM-MEH, 2019 WL 331926, at *1 (D. Colo. May 29, 2019). Undertaking that inquiry shows that Plaintiff's Motion may be granted.

### **I.    Jurisdiction**

This Court has subject matter jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1331. This is because Plaintiff alleges violations of federal statute.

Regarding personal jurisdiction, a movant "need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg*, 115 F.3d at 773. Plaintiff properly served HWG in compliance with Fed. R. Civ. P. 4. *Metropolitan Life Ins. Co. v. Johnson*, 14-cv-00811-KLM, 2015 WL 1945398, at *2 (D. Colo. Apr. 29, 2015) ("The Court must first address the adequacy of service in deciding whether it has personal jurisdiction over Defendant"). The executed summons demonstrates that Defendant was served on August 30, 2019 by personal delivery on Mr. Harkins as its managing agent. ECF 7. The Court notes that HWG's place of operation now is in Laurel, Montana, but it remains registered as a Colorado corporation which earlier operated in Monument, Colorado.

Plaintiff adds that Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27(a) of the Exchange Act, 15 U.S.C. §78aa(a), establish personal jurisdiction over HWG. Those statutes permit worldwide service of process (which HWG received), and as Plaintiff emphasizes, conduct giving rise to the federal securities law violation claim, including the solicitation of Coloradan investors, occurred within Colorado.

"It is well settled that lack of personal jurisdiction is a privilege defense that can be waived 'by failure to assert it seasonably, by formal submission in a cause, or by submission through conduct." *Morreale v. City of Cripple Creek*, No. 96–1220, 1997 WL 290976, at *4 (10th Cir. May 27, 1997) (quoting *Neirbo Co. v. Bethlehem Corp.*, 308 U.S. 165, 168 (1939)). HWG has not appeared in this lawsuit to contest personal jurisdiction, and its principal, Mr. Harkins, has actively participated in this lawsuit from Montana without objecting to personal jurisdiction.

Considering the above, the Court finds that Plaintiff has met its *prima facie* burden to demonstrate this Court can exercise personal jurisdiction over HWG.

**II.     The Claims' Merits**

The Court already has entered summary judgment against HWG on its Section 5 claim for selling unregistered securities. Plaintiff now seeks the entry of default judgment in its favor on its two fraud-based claims.

The fraud claims have four elements in common: (1) HWG made a misrepresentation or omission, (2) of material fact, (3) in connection with the purchase or sale of securities, and (4) used an instrumentality of interstate commerce. *SEC v. Trujillo*, 09-cv-00403-MSK-KMT, 2010 WL 3790817, at *3 (D. Colo. Sept. 22, 2010). As summarized above and more fully detailed in the Complaint, SEC pleads sufficient allegations to show the occurrence of securities fraud against HWG. The summary judgment ruling provides further support.

Plaintiff argues that the allegations also show elements specific to each claim. The first such matter is the required degree of culpability. Plaintiff pleads that HWG, acting through its officer or agent, knew or should have known that its investment solicitations contained false and misleading statements. Plaintiff thereby shows both scienter and therefore by implication the lesser culpability of negligence. Next, the allegations establish that HWG benefitted financially from its conduct. However, unlike a private plaintiff, the SEC need not prove reliance or investor loss. *SEC v. Wolfson*, 539 F.3d 1249, 1256 (10th Cir. 2008).

Plaintiff limits its request to the entry of default judgment as to liability. As for remedies, it waits to establish them after the trial against Mr. Harkins. This is "because the analysis and facts involved [for establishing] appropriate remedies for HWG overlaps with those involved in similar remedies for Harkins." ECF 54 at 2.

Taking the well-pleaded facts of the complaint as true, the Court finds there is a legitimate basis for entry of default judgment.

## **CONCLUSION**

Satisfied that it has jurisdiction and having found the well-pleaded facts of the Complaint to establish a legitimate basis for entry of default judgment on all three claims as to liability, the Court respectfully RECOMMENDS[1] that Plaintiff's Motion for Default Judgment [filed February 22, 2022; ECF 54] be **granted** against Defendant HWG.

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after

Respectfully submitted this 7th day of March, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).