IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02418-PAB-MDB

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

HARTMAN WRIGHT GROUP, LLC and
TYTUS W. HARKINS,

    Defendants.

## ORDER

    This matter is before the Court on the Notice of Proposed Final Judgment [Docket No. 106] filed by the United States Securities and Exchange Commission ("plaintiff," the "SEC," or the "Commission").

    Pursuant to the Court's August 23, 2022 order denying defendant Tytus W. Harkins's Motion to Dismiss Notwithsatanding [sic] the Verdict Under Rule 50 [Docket No. 98] and granting in part Plaintiff United States Securities and Exchange Commission's Motion for Remedies and Final Judgment [Docket No. 99], Docket No. 105 at 38–39, it is

    **ORDERED** that defendant Tytus W. Harkins and former defendant Hartman Wright Group, LLC (collectively, "defendants") shall pay the disgorgement and civil penalties that the Court has imposed, *see id.*, within 30 days after entry of final judgment by transmitting payment electronically to plaintiff, which will provide detailed ACH transfer/Fedwire instructions upon request.  Defendants may also make payment

directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case name, civil action number, and the name of this Court; defendant's name as a defendant in this action; and specifying that payment is made pursuant to this order.  It is further

**ORDERED** that defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  It is further

**ORDERED** that, by making this payment, defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to defendants.  It is further

**ORDERED** that the Commission may enforce the Court's order by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action.  It is further

**ORDERED** that defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this order pursuant to 28 U.S.C. § 1961.  It is further

**ORDERED** that the Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. It is further

**ORDERED** that the Court will retain jurisdiction over the administration of any distribution of the Fund, and the Fund may only be disbursed pursuant to an order of the Court. It is further

**ORDERED** that, regardless of whether any such Fair Fund distribution is made, amounts that the Court has ordered to be paid as civil penalties shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, defendants shall not after offset or reduction of any award of compensatory damages in any related investor action based on either defendant's payment of disgorgement in this action, argue that defendants are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of either defendant's payment of a civil penalty in this action ("Penalty Offset"). If a court in any related investor action grants such a Penalty Offset, defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "related investor action" means a private damages action brought against either defendant by or on behalf of one or more

investors based on substantially the same facts as alleged in the complaint in this action.  It is further

**ORDERED** that this Court will retain jurisdiction of this matter for the purposes of enforcing the terms of this order.  It is further

**ORDERED** that this case is closed.

DATED September 7, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge